UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL GARZA and VELKYS RIVERA,<br><br>    Plaintiffs<br><br>v.<br><br>EAGLERIDER HOLDINGS, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01765-APG-BNW<br><br>**Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction** |

      Harley-Davidson Motor Company Group, LLC, which asserts it was incorrectly named as defendant Harley-Davidson Motor Company, Inc., removed this action from state court based on diversity jurisdiction. ECF No. 1. Assuming the limited liability company is the proper defendant, then it did not identify the citizenship of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). Consequently, I cannot determine if complete diversity exists.

      Further, if removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly

construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (simplified). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id.* at 376.

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with instructions to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id.* at 565. The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong

presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id*. at 567.

Here, as in *Gaus*, Harley-Davidson has offered no facts to support the court's exercise of jurisdiction, and the plaintiff's allegations in the complaint provide none. Accordingly, I cannot exercise subject matter jurisdiction in this action. But before dismissing this action for lack of subject matter jurisdiction and remanding to the state court, I will permit Harley-Davidson to present any evidence relevant to the amount in controversy at the time of removal.

I THEREFORE ORDER that defendant Harley-Davidson Motor Company, Inc., which claims it has been incorrectly named in this action, shall file a motion to change to the caption to accurately reflect the correctly named defendant by October 28, 2022.

I FURTHER ORDER that defendant Harley-Davidson Motor Company Group, LLC shall show cause, in writing, as to why this action should not be remanded to the state court for lack of subject matter jurisdiction as described above. Failure to show cause by November 4, 2022 will result in remand to the state court.

DATED this 21st day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3